MAY 14 2024 PM3:30
FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.  6:24-cr- 126 - JA - DCI
                                                       18 U.S.C. § 1344
                                                       18 U.S.C. § 1028A

ANGELA EVELYN COURINGTON

## INFORMATION

The United States Attorney charges:

## COUNT ONE
(Bank Fraud)

### A.    Introduction

At all times material to this Information:

1.     SunTrust n/k/a Truist Bank ("Truist") was a financial institution with offices located in the State of Florida, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

2.     JP Morgan Chase Bank ("JP Morgan Chase") was a financial institution with offices located in the State of Florida, the deposits of which were insured by the FDIC.

3.     PNC Bank ("PNC") was a financial institution with offices located in the State of Florida, the deposits of which were insured by the FDIC.

4.      Wells Fargo Bank ("Wells Fargo") was a financial institution with offices located in the State of Florida, the deposits of which were insured by the FDIC.

5.      Company A, Company B, Company C, Company D, Company E, Company F, Company G, Company H, and Company I (together, the "Companies"), are authorized to do business in Florida with offices in Deland in the Middle District of Florida, and elsewhere, that operate in interstate commerce.

6.      W.C. was the owner of Company A and other companies.

### B.      The Scheme and Artifice

7.      Beginning on an unknown date, but no later than in or around January 2013, and continuing through at least in or about October 2022, in the Middle District of Florida, and elsewhere, the defendant,

ANGELA EVELYN COURINGTON,

did knowingly attempt to execute a scheme and artifice to obtain moneys, funds, and other property owned by, and under the custody and control of Truist, a federally insured financial institution, by means of false and fraudulent pretenses, representations, and promises.

### C.      Manner and Means of the Scheme and Artifice

8.      The manner and means by which the defendant sought to accomplish the scheme to defraud included, among others, the following:

2

a.      It was part of the scheme and artifice to defraud that the defendant, who was the accounting manager for the Companies, obtained the Companies' business checks, which she fraudulently made payable to herself without authorization;

b.      It was further part of the scheme and artifice to defraud that the defendant fraudulently forged the signature of W.C. on the unauthorized checks she obtained;

c.      It was further part of the scheme and artifice to defraud that the defendant concealed and attempted to conceal the forged checks made payable to herself by documenting them in the Companies' accounting systems as accounting transactions linked to different expense accounts, thus making it appear that the money was going to legitimate expense accounts;

d.      It was further part of the scheme and artifice to defraud that the defendant deposited the forged checks into her own bank accounts;

e.      It was further part of the scheme and artifice to defraud that the defendant fraudulently caused the transfer of funds from the Companies' bank accounts at Truist and PNC to her own bank accounts at Wells Fargo and JP Morgan Chase for purposes of carrying out the scheme to defraud;

f.      It was further part of the scheme and artifice to defraud that the defendant fraudulently used the Companies' business credit cards, without

3

authorization, for her personal use and benefit, including to obtain cash advances for the purpose of gambling;

g. It was further part of the scheme and artifice to defraud that the defendant fraudulently used W.C.'s credit cards, without authorization, for her personal use and benefit.

**D.** **Execution of the Scheme and Artifice**

9. On or about the date listed below, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, the defendant made the following fraudulent deposit into her Wells Fargo account:

| Count | Date of Deposit | Amount | Check No. | Account(s) |
|-------|-----------------|--------|-----------|------------|
| ONE | 2/7/2022 | $13,500 | 99814 | From Truist Account 8699 to Wells Fargo Account 6559 |

All in violation of 18 U.S.C. § 1344.

**COUNT TWO**
(Aggravated Identity Theft)

1. Paragraphs 1 through 6 of Count One of this Information are re-alleged and incorporated fully herein by reference.

2. On or about the date listed below, in the Middle District of Florida, and elsewhere, the defendant,

ANGELA EVELYN COURINGTON,

4

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, as detailed below, during and in relation to a violation of 18 U.S.C. § 1344 (bank fraud), as charged in Count One of this Information, knowing that such means of identification belonged to an actual person:

| Count | Deposit Date | Means of Identification |
|-------|-------------|------------------------|
| TWO | 2/7/2022 | The name of W.C. |

In violation of 18 U.S.C. § 1028A.

## FORFEITURE

1.      The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A).

2.      Upon conviction of a violation of 18 U.S.C. § 1344, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3.      The property to be forfeited includes, but is not limited to, the following: an order of forfeiture in the amount of at least $2,201,836.40, which represents the proceeds obtained from the offenses.

4.      If any of the property described above, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

5

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be

divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).


ROGER B. HANDBERG
United States Attorney

By: _____

Kara M. Wick
Assistant United States Attorney


By: _____

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division